IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------X

**BRITTANY EBSON**

CASE NO.: 19-16576-mdc

Debtor,

-------------------------------------------------X

## ORDER

**IT IS ORDERED and DECREED** that Debtor's Motion for determination and Imposition of the Automatic Stay and to enter an order for reentry and reinstatement of debtor's tenancy of the premises located at 2745 Germantown Avenue, Philadelphia, PA 19133 is hereby **GRANTED.**

By the Court,

**Dated:** _____ \_\_\_, _____

_____
Hon. Magdeline D. Coleman
Chief United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------X

**BRITTANY EBSON**

                              CASE NO.: 19-16576-mdc

        Debtor,

-------------------------------------------------X

      NOW COMES before the United States Bankruptcy Court for the Eastern District of Pennsylvania, debtor Brittany Ebson by and through the undersigned counsel pursuant to 11 U.S.C. §362 et seq., Motions this Court to enter and Order imposing the automatic Stay creditor Devon Moore to enter an order for reentry and reinstatement of debtor's tenancy of the premises located at 2745 Germantown Avenue, Philadelphia, PA 19133, and for such other and further relief as may be deemed just and proper and states:

    1.    Plaintiff filed this Chapter 13 case on October 21, 2019. A true and correct copy of the Notice of filing is attached hereto and made a part hereof as Exhibit "A".

    2.    Therefore, it is debtor's belief that an order for relief was entered in this case on that same date, October 21, 2019, pursuant to 11 U.S.C § 301, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a) of all debt collection and repossession of property against the Debtor.

    3.    On October 21, 2019, Defendant was engaged in litigation regarding the subject property as Docket #190703670 in the Court of Common Pleas Philadelphia County.

    4.    On September 23, 2019, this Philadelphia Court of Common pleas entered judgment of possession in favor of the defendant and against the plaintiff. A Copy of the Court's Order is attached hereto, made a part hereof and is marked Exhibit "B". It should be noted that

said order expressly states that no possession is to be obtained before 30 days of the Court's Order. As Plaintiff's bankruptcy was filed on the 28th day and prior to the 30 days allowed by the order, defendant willfully after knowing plaintiff had filed for bankruptcy protection violated the automatic stay provisions by his unlawful lockout.

5. Debtor herein avers that it provided notice of said bankruptcy filing to defendant both verbally and through email on October 21, 2019.

6. It is believed, and therefore alleged, that Defendant received ample notice of plaintiff's bankruptcy filing but nonetheless chose to lock plaintiff out of the property.

7. Immediately upon the filing of Chapter 13 bankruptcy petition, the "Automatic Stay" arises barring all debt collection efforts, including the transfer of a deed to a purchaser following a sheriff sale of estate property. *11 U.S.C.S. § 362(a)*.

8. Based upon information and belief defendant's bankruptcy case enjoyed the protections of the bankruptcy codes Automatic Stay". Absent relief from the stay, judicial actions and proceedings against the debtor are void ab initio); *In re Ward, 837 F.2d 124, 126* (3d Cir. 1988) (Sheriff's sale conducted in violation of the stay is void and without effect).

9. Defendant's conduct was willful, purposeful and intentional. Moreover, correspondence between the parties confirms the lockout of repossession was intentional and purposeful.

10. Despite numerous attempts to contact Mr. Moore and false promises to allow reentry it appears that this creditor will continue the unlawful eviction and lockout.

11. Mr. Moore's conduct has caused Plaintiff to experience loss of property, loss of income, worry and concern that are separate and apart from the anxiety she has felt about her bankruptcy. Debtor has been locked out for two weeks although this creditor has

indicated that reenetry would be allowed. Debtor has suffered significant economic harm and deprivation of property s a result of this creditors conduct which h can now be said to be willful. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm. Debtor has suffered actual damages in the forms of out-of pocket expenses, attorney's fees, and emotional distress, loss of property, unlawful lockout.

      12.      It is imperative that the debtor be allowed reentry into her tenancy which has been withheld unlawfully. Debtor prays that your honor will grant this motion and for such other and further relief.

Date: November 1, 2019

By: _____
Robert C. Leite-Young, Esquire
6950 Castor Avenue
Philadelphia, PA 19149
(267) 388-9989

# EXHIBIT A

United States Bankruptcy Court
Eastern District of Pennsylvania

# Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 10/21/2019 at 2:09 PM and filed on 10/21/2019.

**Brittany Ebson**
2239 N. Woodstock Street
Philadelphia, PA 19132
SSN / ITIN: xxx-xx-4927
*dba* **Day care Center**



The case was filed by the debtor's attorney:     The bankruptcy trustee is:

**ROBERT CAPTAIN LEITE-YOUNG**     **WILLIAM C. MILLER, Esq.**
Roach & Leite, LLC                  Chapter 13 Trustee
6950 Castor Avenue                  P.O. Box 1229
Philadelphia, PA 19149              Philadelphia, PA 19105
267-388-9972                        215-627-1377

The case was assigned case number 19-16576-mdc to Judge Magdeline D. Coleman.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.paeb.uscourts.gov or at the Clerk's Office, 900 Market Street, Suite 400, Philadelphia, PA 19107.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Timothy B McGrath**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center |
| --- |
| Transaction Receipt |

# EXHIBIT B

8

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

Moore

v.

Ebson

July TERM, 2019

NO. 03670

Moore Etal Vs Ebson-WSFFD

19070367000014

## ORDER

AND NOW, this 23rd day of September 2019, upon consideration of the evidence the Court finds in favor of the Landlord, Mr. Moore and against Tenant, Ms. Ebson. The Landlord is awarded $4,820.43 for non-payment of back rent, utility bills, repair of floors and late fees. The Court grants possession to the landlord 30 days from the date of this Order. The Tenant Ebson is to vacate the subject premises located at 2745 Germantown Avenue in Philadelphia, PA no later than October 21, 2019 at 12 noon. BY THE COURT: Police/Sheriff assist, if necessary. Any personal belongings remaining in the subject premises after October 21, 2019 are deemed abandoned and can be discarded by the Landlord.

_____, J.