IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 13 |
| Brittany Ebson | Case No. 19-16576-MDC |
| Debtor. | |

## DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY

Brittany Ebson, (the "Debtor"), through her attorneys, hereby submits this response to Motion Pursuant to 11 U.S.C. § 362(d) For Relief from the Automatic Stay filed by Devon Moore, and in support thereof respectfully states the following:

1. Admitted.

2. Admitted.

3. Denied as stated. Devon Moore (the "Movant") exercised self-help without notice or assistance from the sheriff to forcibly remove the Debtor. *See* § 9-1603 Philadelphia Code:

> No landlord or landlord's agent may engage in self-help eviction practices, as defined in Section 9-1602 of this Chapter, under any circumstances, in the City of Philadelphia. The requisite, legal process for lawful eviction must consist of execution of a judgment of possession entered by a court of competent jurisdiction in accordance with State law. Lawful execution of judgment may be performed only by a Sheriff or court-appointed landlord and tenant officer.

Section 9-1603 Philadelphia Code.

4. Denied. No key was provided that actually provided access. Rather, the Movant provided keys to the Debtor then subsequently changed the lock. It was simply a ruse.

5. Denied. The filing of the above-captioned chapter 13 case (the "Chapter 13 Case") on October 21, 2019 (the "Petition Date"); the same day the movant forcibly and dramatically exercised self-help evicting the Debtor. Thereafter, the Debtor rejected the

1

executory lease and effectively transferred possession to the Movant. The Debtor never held possession after the Petition Date.

6. Denied as stated. See New Matter below, the paragraphs of which are incorporated herein as if set forth in full.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied.

11. Denied.

WHEREFORE, the Debtor respectfully requests this Honorable Court enter an Order denying the Motion for Relief from Stay with prejudice, and for such other and further relief as the Court deems just and proper.

## NEW MATTER

12. The Debtor incorporates paragraphs 1-11 above as if fully set forth herein.

13. The Debtor commenced the Chapter 13 Case by filing a voluntary petition for relief under chapter 13 of title 11 of the United States Code (as amended, the "Bankruptcy Code") on the Petition Date in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

14. Movant is the former landlord of a commercial space located at 2745 Germantown Avenue, Philadelphia, PA 19133 (the "Premises") which the Debtor rented to operate a daycare center.

15. The filing of the Chapter 13 Case was principally caused by the Movant exercising self-help by evicting the Debtor from the Premises on the Petition Date in the middle of the day while children still occupied the Premises.

16. The Debtor was forced to call the children's parents and have them picked up in the middle of the day. Accordingly, the Debtor lost all of her daycare business as a direct result of the Movant's actions.

17. The Debtor has not been in possession of the Premises since the Petition Date, particularly because the Movant changed the lock to the Premises.

18. Thereafter, on or about November 13, 2019, the Court held a hearing on the Debtor's Motion to Impose Automatic Stay (the "Motion to Impose Stay"). [D.I. No. 22]

19. According to the Court's docket, a stipulation settling the Motion to Impose Stay was to be filed by December 13, 2019; however, **no such stipulation was ever filed**.

20. On January 05, 2020, the Movant filed a Motion for Relief from Stay (the "First Motion for Relief"). [D.I. No. 38]

21. On February 06, 2020, the Movant attempted to file a stipulation settling the First Motion for Relief; however, the stipulation was not fully executed in accordance with L.B.R. 5070-2(b) and therefore was stricken from the record. [D.I. Nos. 51, 52]

22. On October 20, 2020, the Movant once again filed a Motion for Relief from Stay (the "Second Motion for Relief"). [D.I. No. 107]

23. On February 10, 2021, the Court entered an Order granting relief from the automatic stay for lack of adequate protection. Specifically, the Court stated, "Debtor has not remained current on post-petition rent obligations for the Premises and has not established that she will or is able to become current on such rent obligations **given that she is not able to**

3

**operate her day care business at the Premises.**" (Emphasis added) *See* Exhibit "A," a true and correct copy of the Court's February 10, 2021 Order attached hereto and incorporated herein as if set forth in full.

24. Once again, the Debtor has not been in possession of the Premises since the Petition Date.

25. Lastly, the Court's Order states that the Movant "may proceed with eviction proceedings against the Debtor with respect to the Premises in accordance with non-bankruptcy law." *See* Exhibit A.

26. The Movant now seeks relief from the automatic stay (the "Third Motion for Relief") for the purpose of pursuing an action filed in the Court of Common Pleas of Philadelphia County (the "State Court Action") on November 15, 2021, which was filed in violation of the automatic stay.

27. Notably, the State Court Action was filed in the Civil Trial Division to recover $21,600.00 rent, and therefore is in no way an eviction proceeding in accordance with this Court's February 10, 2021 Order.

28. The Movant states in the State Court Action "[f]rom November 13, 2019, [sic] Defendant remained in possession of the premises until Plaintiff obtained relief from the Automatic Stay pursuant to 11 U.S.C. § 362." Obviously, this assertion directly contradicts the facts outlined in this Court's February 10, 2021 Order.

29. The Movant has repeatedly demonstrated a willingness to skirt the Court's rules and procedures, and this Third Motion for Relief is no exception.

30. Because of the Movant's own actions, the Debtor could neither (a) possess the premises nor (b) operate her daycare business.

4

31. Cause does not exist to warrant relief because the Debtor did not possess the Premises post-petition and therefore could not possibly owe post-petition rent to the Movant.

32. Cause further does not exist to warrant relief because the State Court Action was filed (a) in violation of the automatic stay and (b) in violation of this Court's February 10, 2021 Order permitting the Movant to pursue **eviction proceedings** in accordance with non-bankruptcy law.

33. The State Court Action impacts the Chapter 13 Case in that payment of the alleged $21,600.00 post-petition rent effects the Debtor's ability to fund her chapter 13 plan on an ongoing basis.

WHEREFORE, the Debtor respectfully requests this Honorable Court deny the Motion for Relief from Stay with prejudice, and for such other and further relief as the Court deems just and proper.

Dated: January 04, 2022
Philadelphia, Pennsylvania

Respectfully submitted,

**JENSEN BAGNATO, P.C.**

By: /s/ Erik B. Jensen
Erik B. Jensen (PA 40330)
1500 Walnut Street, Suite 1510
Philadelphia, Pennsylvania 19102
Telephone: (215) 546-4700
Facsimile: (215) 546-7440
Email: ejensen@jblawpc.com

*Counsel to the Debtor*