**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: : | |
| : | Chapter 13 |
| Brittany Ebson : | |
| : | Case No. 19-16576-MDC |
| Debtor : | |
| : | |

**PROPOSED STIPULATED FACTS SUBMITTED BY RESPONDENT FOR
EVIDENTIARY HEARING TUESDAY, JANUARY 18, 2022**

Respondent hereby objects to Debtor's proposed stipulated facts filed on January 17, 2022 as Respondent's counsel never agreed to the stipulation. Respondent through its undersigned counsel submits the following proposed stipulated facts for the evidentiary hearing scheduled for Tuesday, January 18, 2022, on the Motion.

**STIPULATED FACTS**

1. The above-captioned chapter 13 case (the "Chapter 13 Case") was filed on October 21, 2019 (the "Petition Date"). [D.I. No. 01]

2. Moore is the former landlord of the building the Debtor owned and operated a daycare located at 2745 Germantown Avenue, Philadelphia, Pennsylvania 19133 (the "Premises"). [Admitted in the record D.I. No. 206 at ¶ 2]

3. The Chapter 13 Case arose from Moore attempted to execute an eviction order from the Philadelphia County Court of Common Pleas on the Debtor.

4. On October 22, 2019, Debtor filed an Adversary Action against Moore for damages related to the alleged eviction under docket Number 19 -00206.

5. The Adversary Action was dismissed with prejudice on October 29, 2021 by stipulation of the parties.

6. Moore has never filed a proof of claim in the Chapter 13 Case.

1

7. On January 05, 2020, Moore filed a Motion for Relief from Stay (the "First Motion for Relief"). [D. I. No. 38]

8. The Court entered no ruling on Moore's Motion for Relief.

9. On October 20, 2020, Moore filed a second Motion for Relief from Stay (the "Second Motion for Relief"). [D.I. No. 107]

10. On February 10, 2021, the Court entered an Order (the "Order") granting relief from the automatic stay stating, in relevant part: "The Movant may proceed with eviction proceedings against the Debtor with respect to the Premises in accordance with applicable non-bankruptcy law." [D.I. No. 128]

11. On November 15, 2021, Moore, through Parrish, filed a civil complaint (the "Civil Action") against the Debtor in the Court of Common Pleas of Philadelphia County seeking recover of unpaid post – petition rent. [D.I. No. 186, Exhibit "A"]

12. Paragraph 12 of the Civil Action states: "From November 13, 2021 [sic] (this date should be November 13, 2019), Defendant remained in possession of the premises until Plaintiff obtained relief from the Automatic Stay pursuant to 11 U.S.C. § 362." [D.I. No. 186, Exhibit "A," ¶ 12]

13. Paragraph 13 of the Civil Action states: "Defendant remained obligated to pay rent of $1,100 per month". [D.I. No. 186, Exhibit "A"¶ 13].

14. Paragraph 14 of the Civil Action states: "On May 31, 2021, Plaintiff recovered possession of the premises". [D.I. No. 186, Exhibit "A" ¶ 14].

15. Moore's Complaint seeks post – petition rent only.

16. December 01, 2021, the Debtor filed this Motion seeking sanctions against Parrish and Moore for willful violation of the automatic stay. [D.I. No. 186]

17. On December 20, 2021, Moore, through Parrish, filed a third Motion for Relief from Stay for the purpose of pursuing the Civil Action. [D.I. No. 203]

                                Respectfully Submitted:

Date: January 18, 2022              /s/ Demetrius J. Parrish, Jr.
                                        Demetrius J. Parrish, Jr., Esquire
                                        Attorney For Devon Moore
                                        Attorney ID No.: Pa – 57512
                                        7715 Crittenden Street, #360
                                        Philadelphia, Pa. 19118
                                        (215) 735 – 3377/(215) 827 – 5420 fax
                                        Email: djpbkpa@gmail.com